## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SHANE MANNION, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FANDANGO MEDIA, LLC,<br><br>Defendant. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Shane Mannion brings this action on behalf of himself, and all others similarly situated against Fandango Media, LLC ("Defendant"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

## NATURE OF THE ACTION

1.      For over a year, Defendant has been nickel and diming movie goers on its website in violation of the New York Arts and Cultural Affairs Law § 25.07(4). Whenever a movie-goer selects a ticket on the website fandango.com, they are quoted a fee-less price, only to be ambushed by a $1.89 "convenience fee" per ticket at checkout after clicking through the various screens required to make a purchase. This cheap trick has enabled Defendant to swindle substantial sums of money from its customers.

2.      To stop this hustle, New York passed Arts and Cultural Affairs Law § 25.07(4), which provides that "every operator … of a place of entertainment … shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket." "Such disclosure of the total cost and fees shall be displayed in the ticket listing *prior to* the ticket being selected for purchase." *Id*. (emphasis added). And "[t]he price of the ticket shall not

1

increase during the purchase process." *Id.*  This latest version of the law went into effect August 29, 2022.  *See* Exhibit A.

3.      For these reasons, Plaintiff seeks relief in this action individually, and on behalf of all other Defendant ticket purchasers for film screenings in the state of New York for actual and/or statutory damages, reasonable attorneys' costs and fees, and injunctive relief under New York Arts and Cultural Affairs Law § 25.33.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members, and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of a state different from Defendant.  Defendant sold at least 100,000 tickets to movie screenings taking place in the state of New York through its website during the applicable class period, and is liable for a minimum of fifty dollars in statutory damages for each ticket sold.

5.      This Court has personal jurisdiction over Defendant because Defendant operates a website that sells tickets to movie screenings taking place in state of New York through its website.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District and Defendant's Terms of Use[1] require all actions to be brought exclusively in this District.

## PARTIES

7.      Plaintiff Shane Mannion is an individual consumer who, at all times material hereto, was a citizen and resident of New York, New York.  Plaintiff purchased two tickets to see

---

[1] Available at https://www.fandango.com/policies/terms-of-use (last visited Dec. 20, 2023).

a movie at a cinema in Astoria, New York on May 7, 2023 through Defendant's website, https://www.fandango.com.  The transaction flow process he viewed on Defendant's website was substantially similar as that depicted in Figures 1 through 7 in this complaint.

8.     Defendant Fandango Media, LLC is a Virigina limited liability company with its principal place of business in 407 N. Maple Drive, Beverly Hills, California 90210.  Defendant sells movie tickets throughout the United States, including in the state of New York.

## RELEVANT FACTUAL ALLEGATIONS

9.     When a movie-goer visits Defendant's website, https://www.fandango.com, on the main page, they can select a movie, showtime, and theatre location for a particular screening, including those taking place in New York.   *See* Figure 1.

**Figure 1**



10.     After a user selects a showtime at a particular theatre, the purchase process begins and they are prompted to select a seat.  *See* Figure 2, next page.

**Figure 2**



11.     *After* a consumer selects the seat or seats he or she wishes to purchase a ticket or

tickets for, he or she can click the "NEXT" button.  After the consumer clicks that button, he or

she is taken to the Ticket Selection screen.  *See* Figure 3, next page.  On this screen, the "total

cost" of the ticket is never displayed, in violation of New York Arts & Cultural Affairs Law §

25.07(4).  *Id*.  Instead, Defendant quotes a $17.99 price for the ticket.  Below that is a vague and

ambiguous disclaimer that states: "Prices and fees include estimated tax per ticket.  Your Order

will include a $1.89 convenience fee per ticket."  *Id*.  This webpage is unclear because the site

never specifies what the $17.99 signifies.  The statement "[y]our order will include a $1.89

convenience fee" does not dispel any confusion, because it is unclear whether that fee is bundled

into the quoted $17.99 amount or tacked onto it later.

**Figure 3**



12.    After the consumer clicks the "NEXT" button on Figure 3, a pop-up appears

direct the consumer to either Checkout or Express Checkout.  *See* Figure 4, next page.

**Figure 4**



13.     Consumers that click the "CONTINUE TO CHECKOUT" Button are taken to a screen which provides them the total cost of the ticket, and the price increases to $19.88.   *See* Figure 5.   The same is true for Consumers clicking the "PayPal" button, who are also shown an increased price of $19.88.  *See* Figure 6, next page (redacting credit card and user ID numbers).

**Figure 5**



**Figure 6**



14.     Defendant's total cost per ticket is disclosed for the first time on these final screens.  *See* Figures 5 and 6.  And Defendant's convenience fees can quickly add up.  For a family of four, Defendant tacks on an extra $7.56 at the end of the purchase process.  That is roughly equivalent to the cost of a bucket of popcorn.  What is more, the checkout flow and the

disclosures Fandango presents to consumers is the same whether they proceed via their web browser, as depicted in Figures 1 through 6, or through their Fandango mobile phone applications.  *See, e.g.*, Figure 7 (screenshot taken from mobile phone application).

**Figure 7**



## NEW YORK ARTS & CULTURAL AFFAIRS LAW

15.     Effective August 29, 2022, New York enacted Arts & Cultural Affairs Law §
25.07(4), which provides that "any licensee or other ticket reseller, or platform that facilitates the
sale or resale of tickets shall disclose the total cost of the ticket, inclusive of all ancillary fees that
must be paid in order to purchase the ticket, and disclose in a clear and conspicuous manner the
portion of the ticket price stated in dollars that represents a service charge, or any other fee or
surcharge to the purchaser.  Such disclosure of the total cost and fees shall be displayed in the
ticket listing prior to the ticket being selected for purchase."  *Id*. (emphasis added).  And "[t]he
price of the ticket shall not increase during the purchase process."  *Id.*; *Compare with* Figure 3.
"Disclosures of subtotals, fees, charges, and any other component of the total price shall not be
false or misleading." N.Y.  Arts & Cult. Aff. Law § 25.07(5); *Compare with* Figure 3 and ¶ 11.

16.     Shortly after the law was enacted, ticketing websites peppered the State of New
York's Division of Licensing Services with questions about the scope of the law.  As explained
by the Division of Licensing Services, "the ticket purchasing process begins once a consumer
visits a ticket marketplace and first sees a list of seat prices."  *See* N.Y. Dep't of State, Div.
Licens. Servs., *Request for Additional Guidance – New York State Senate Bill S.9461*, attached
hereto as **Exhibit A**, at 1.  "From the moment the prospective purchaser assesses the [] ticket
lists through the final payment … there should be no price increases to the purchaser for the
ticket itself."  *Id.*  "When a prospective purchaser selects a ticket with full disclosure of the ticket
price, the purchaser should not then have to search for the total price of the ticket as the
purchaser proceeds through the purchasing process, it should continue to be readily available to
the purchaser."  *Id*. at 2 (emphasis added).

## CLASS ACTION ALLEGATIONS

17.     **Nationwide Class**: Plaintiff seeks to represent a class defined as all individuals in the United States who purchased electronic tickets to any film screenings in any cinema location from Defendant's website or mobile phone application on or after August 29, 2022.  Defendant's Terms of Use[2] contain a New York choice of law clause meaning that any purchase from the website is subject to New York law.  Excluded from the Nationwide Class is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

18.     **New York Subclass**: Plaintiff also seeks to represent a subclass defined as all individuals in the state of New York who purchased electronic tickets to any film screenings in any cinema located in New York from Defendant's website or mobile phone application on or after August 29, 2022.  Excluded from the New York Subclass is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

19.     Members of the Nationwide Class and New York Subclass are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Nationwide Class and New York Subclass number in the hundreds of thousands.[3]  The precise number of Nationwide Class and New York Subclass members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Nationwide Class and New York Subclass members may be notified of the pendency of this action by mail, email, and/or publication through the distribution records of Defendant.

---

[2] Available at https://www.fandango.com/policies/terms-of-use (last visited Dec. 20, 2023).
[3] According to the website traffic analytics company Similarweb, Defendant's website has received 48.36 million visits in the last three months, with 94.81% of the website traffic coming from the United States. *See* https://pro.similarweb.com/#/digitalsuite/websiteanalysis/overview/website-performance/*/999/3m?webSource=Total&key=fandango.com.  Approximately 5.98% of the United States population resides in the State of New York.  So assuming New Yorkers visited Defendant's website in equal proportions to other Americans, then Defendant received over 2.74 million visitors from the state of New York during this time period.  This is to say nothing of other Americans that live in surrounding states like New Jersey or Connecticut, who may also wish to purchase tickets to see films in New York City or other areas in New York State.

20.     Common questions of law and fact exist as to all Nationwide Class and New York Subclass members and predominate over questions affecting only individual Nationwide Class and New York Subclass members.  Common legal and factual questions include, but are not limited to: (a) whether Defendant failed to disclose the total cost of the ticket, including all ancillary fees, prior to the tickets being selected for purchase in violation of New York Arts & Cultural Affairs Law § 25.07(4); and (b) whether the displayed price of Defendant's tickets increases during the purchase process in violation of New York Arts & Cultural Affairs Law § 25.07(4).

21.     The claims of the named Plaintiff are typical of the claims of the Nationwide Class and New York Subclass in that the named Plaintiff and the Nationwide Class and New York Subclass sustained damages as a result of Defendant's uniform wrongful conduct, based upon Defendant failing to disclosing the total cost of their tickets, including Defendant's convenience fees, throughout the online ticket purchase process.

22.     Plaintiff is an adequate representative of the Nationwide Class and New York Subclass because his interests do not conflict with the interests of the Nationwide Class and New York Subclass members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.  The interests of Nationwide Class and New York Subclass members will be fairly and adequately protected by Plaintiff and his counsel.

23.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Nationwide Class and New York Subclass members.  Each individual Nationwide Class and New York Subclass member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation

11

necessary to establish Defendant's liability.  Individualized litigation increases the delay and

expense to all parties and multiplies the burden on the judicial system presented by the complex

legal and factual issues of this case.  Individualized litigation also presents a potential for

inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer

management difficulties and provides the benefits of single adjudication, economy of scale, and

comprehensive supervision by a single court on the issue of Defendant's liability.  Class

treatment of the liability issues will ensure that all claims and claimants are before this Court for

consistent adjudication of the liability issues.

<u>**COUNT I**</u>
**New York Arts & Cultural Affairs Law § 25.07**
**(On Behalf Of The Nationwide Class and New York Subclass)**

24.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully

set forth herein.

25.     Plaintiff brings this claim individually and on behalf of the members of the

Nationwide Class and New York Subclass against Defendant.

26.     Defendant is a "licensee or other ticket reseller, or platform that facilitates the sale

or resale of tickets" to a "place of entertainment," because Defendant owns, operates, or controls

Fandango.com and the Fandango mobile app, which is a place where consumers can purchase

tickets to movie theatres.  "'Place of entertainment' means any privately or publicly owned and

operated entertainment facility such as a <u>theatre</u>, stadium, arena, racetrack, museum, amusement

park, or other place where performances, concerts, exhibits, athletic games or contests are held

for which an entry fee is charged."  N.Y.  Arts & Cult. Aff. Law § 25.03(6) (emphasis added).

27.     Defendant violated New York Arts & Cultural Affairs Law § 25.07(4) by failing

to disclose the "total cost of a ticket, inclusive of all ancillary fees that must be paid in order to

12

purchase the ticket" after a ticket is selected, as depicted in Figure 3 of this Complaint.

Moreover, the disclosure of partial costs and fees depicted in Figure 3 are "false and misleading"

because it is unclear whether the convenience fee is included in the displayed price, as depicted

in Figure 3 of this Complaint, or tacked on at the end of the purchase process, as depicted in

Figures 5 and 6 of the Complaint.

28.     Defendant also violated New York Arts & Cultural Affairs Law § 25.07(4) by

increasing the price of its tickets during the purchase process, as depicted in Figures 3-6 of this

Complaint.

29.     Defendant's $1.89 per ticket "convenience fee" is an "ancillary fee[] that must be

paid in order to purchase the ticket."  N.Y. Arts & Cult. Aff. Law § 25.07(4).

30.     On May 7, 2023, Plaintiff purchased two tickets on Defendant's website and was

forced to pay Defendant's convenience fee.  Plaintiff was harmed by paying this convenience

fee, even though that total cost was not disclosed to Plaintiff at the beginning of the purchase

process, and therefore, is unlawful pursuant to New York Arts & Cultural Affairs Law §

25.07(4).

31.     On behalf of himself and members of the Nationwide Class and New York

Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover his

actual damages or fifty dollars, whichever is greater, and reasonable attorneys' fees.  *See* N.Y.

Arts & Cult. Aff. Law § 25.33.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the members of the Nationwide

Class and New York Subclass, prays for judgment as follows:

(a)     For an order certifying the Classes under Rule 23 of the Federal Rules of Civil

Procedure and naming Plaintiff as representative of the Classes and Plaintiff's

attorneys as Class Counsel to represent the Classes;

(b)      For an order declaring that Defendant's conduct violates the statutes referenced

herein;

(c)      For an order finding in favor of Plaintiff and the Classes on all counts asserted

herein;

(d)      For compensatory and statutory damages in amounts to be determined by the

Court and/or jury;

(e)      For prejudgment interest on all amounts awarded;

(f)      For an order of restitution and all other forms of equitable monetary relief;

(g)      For injunctive relief as pleaded or as the Court may deem proper; and

(h)      For an order awarding Plaintiff and the Classes their reasonable attorneys' fees

and expenses and costs of suit.

Dated: December 22, 2023            **BURSOR & FISHER, P.A**.

By:    */s/ Philip L. Fraietta*
           Philip L. Fraietta

Philip L. Fraietta
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: pfraietta@bursor.com

Stefan Bogdanovich (*pro hac vice app.
forthcoming*)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: sbogdanovich@bursor.com

*Attorneys for Plaintiff*

14